**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Star Insurance Company, et al., | )<br>) |
| Plaintiffs, | )<br>) No. CV-10-8171-PCT-PGR<br>) |
| vs. | )<br>) |
| Terry West, et al., | )  ORDER<br>) |
| Defendants. | )<br>) |

Defendant L&P Transportation, Inc. removed this action on September 9, 2010 solely on the basis of diversity of citizenship jurisdiction.[1] Having reviewed the Notice of Removal Under 28 U.S.C. § 1441 to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of any party.

First, the Notice of Removal fails to properly allege the citizenship of the plaintiffs in that it merely states that they "are foreign corporations, with its/their

---

[1] In its answer filed on September 10, 2010, the removing defendant states that its correct name is Leggett & Platt Incorporated. The Court uses the name L&P Transportation, Inc. in this order as that is the name used in the complaint and by the removing defendant in its Notice of Removal.

principal place of business in Michigan and Minnesota." Such a jurisdictional allegation is insufficient as a matter of law since a corporation is a citizen both of the state by which it is incorporated and the state where it has its principal place of business, and a notice of removal must affirmatively allege both states.

Second, the Notice of Removal inexplicably fails to even attempt to allege the citizenship of defendants Terry West and Jane Doe West, Delta Express, Inc., and James P. Meszaros and Jane Doe Meszaros, and the factual allegations necessary to determine their citizenship is not otherwise found in the record.[2]

While the complaint alleges that Terry West is "a resident of the state of Illinois" and that James P. Meszaros is "a resident of the state of Oklahoma," those allegations are insufficient as a matter of law to cure the deficiency of the Notice of Removal because, as the Supreme Court has repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf., Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity

---

[2] Nor does the Notice of Removal make any effort to explain, as it must pursuant to the "rule of unanimity," why these defendants have not joined in the removal. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir.2009) ("We emphasize that *Chicago*'s requirement that all codefendants 'join' in requesting removal remains binding.") (citing to Chicago, Rock Island, & Pacific Railway C. v. Martin, 178 U.S. 245, 20 S.Ct. 854 (1900)); Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co., 644 F.2d 1310, 1314 (9th Cir.1981) ("As a general rule, all defendants who may properly join in the removal petition must join.")

jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

Furthermore, the allegation in the complaint that Delta Express, Inc. is "a Missouri corporation" is also a legally insufficient allegation of citizenship since "an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction. Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970).

Third, while the Notice of Removal attempts to allege the citizenship of removing defendant L&P Transportation, LLC by stating that it is "a Limited Liability Company with its principal place of business in Delaware," that also is insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  What is required in a notice of removal when a LLC is a named party are affirmative allegations specifically identifying each member of the LLC and specifying each member's state of citizenship.

In order to cure these patently obvious pleading deficiencies, the Court will require the removing defendant to file an amended notice of removal that affirmatively states the citizenship of each party.  The defendant is advised that

its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that removing defendant L&P Transportation, LLC. shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **Friday, September 17, 2010.**

DATED this 13th day of September, 2010.

Paul G. Rosenblatt
United States District Judge